IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KELLY PECK, <br><br> Plaintiff, <br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:16-cv-1290 BCW <br><br><br> Magistrate Judge Brooke Wells |

The case is before the undersigned pursuant to Federal Rule of Civil Procedure 73 and the parties' consent.[1][2] Claimant Kelly Peck (Mr. Peck) appeals from a decision denying his application for Disability and Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). On appeal Mr. Peck raises three challenges to the administrative law judge's decision. First, the ALJ's erred in the evaluation of the medical opinion evidence regarding his impairments. Second, the ALJ failed to account for all his established impairments. And third, Plaintiff takes issue with the ALJ's analysis at step 5 of the sequential evaluation process. After reviewing the parties' briefing, the ALJ's decision, the record of proceedings in this case and relevant case law, the undersigned finds error in the ALJ's decision and therefore remands this case for further consideration.

---

[1] Docket no. 16.

[2] Docket no. 16.

BACKGROUND[3]

Mr. Peck applied for Disability, DIB and SSI on February 1, 2013, alleging disability beginning March 1, 2012.[4] Mr. Peck alleges disability due to mental and physical impairments. These include short term memory loss, back pain, fatigue, traumatic brain injury, depression, chronic fatigue, a learning disability and borderline IQ.[5] A horse kicked Mr. Peck in the head when he was three leading to severe head trauma and some brain damage.[6] Many of Mr. Peck's ailments stem from that injury and the ALJ found this injury to be a severe impairment.[7]

After hearing all the evidence the ALJ issued a decision following the familiar five-step sequential evaluation process used to assess social security claims.[8] The ALJ determined Mr. Peck was not disabled at step five of the evaluation process finding other light unskilled jobs that Mr. Peck could perform. These jobs included work such as a fund raiser, a survey worker and an information clerk.[9]

STANDARD OF REVIEW

Because the Appeals Council denied the claimant's requested review the ALJ's decision is considered the Commissioner's final decision for purposes of this appeal.[10] The court reviews the ALJ's decision to determine whether the correct legal standards were applied and whether the

---

[3] The parties fully set forth the background of this case, including the medical history, in their memoranda. The court does not repeat this background in full detail. The reader desiring a more extensive history is directed to the record and briefing of the parties.

[4] R. 191-93, 194-202.

[5] R. 69-70.

[6] R. 335, 354.

[7] R. 25.

[8] *See* 20 C.F.R. § 416.920; *Fisher-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005) (summarizing the five step process).

[9] R. 36.

[10] *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003); 20 C.F.R. § 404.981.

factual findings are supported by substantial evidence in the record.[11] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[12] "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."[13] In considering claimant's appeal the court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."[14]

DISCUSSION

On appeal, Mr. Peck first contends the ALJ failed to properly evaluate the medical opinion evidence. Plaintiff contends the opinions of Dr. Sam Goldstein, Dr. Ralph Grant and Dr. Darin Featherstone were not properly evaluated. The court agrees that the ALJ failed to give good reasons for the weight it assigned to some of the medical opinions.

(i)      Treating Physician Rule

Under what is generally known as the treating physician rule, the Commissioner will usually give more weight to medical opinions from treating sources than those from non-treating sources.[15] "In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for 'controlling weight.'"[16] To make this determination, the ALJ:

> must first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is 'no,' then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other

---

[11] *See Doyal*, 331 F.3d at 760; *Madrid v. Barnhart*, 447 F.3d 778, 790 (10th Cir. 2006).

[12] *Doyal* 331 F.3d at 760.

[13] *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988).

[14] *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

[15] 20 C.F.R. § 404.1527(c)(2).

[16] *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir.2003).

substantial evidence in the record. [I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight.[17]

However, even when a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using the factors provided for in 20 C.F.R. § 404.1527 and § 416.927.[18] These factors are:

(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.[19]

"Under the regulations, the agency rulings, and our case law, an ALJ must give good reasons ... for the weight assigned to a treating physician's opinion," that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight."[20] If an ALJ "rejects the opinion completely, he must then give specific, legitimate reasons for doing so."[21]

Here the ALJ stated:

The opinion/finding by Dr. Featherstone is consistent with the finding of Dr. Kockler and is given weight. … The opinion/finding of Dr. Gant is given weight to the extent it is consistent with the findings of Dr. Kockler, which also found a cognitive disorder, and the treatment record, which shows the claimant, has a mood disorder or depression.[22]

---

[17] *Id.* (quotations omitted); *see also* 20 C.F.R. § 404.1527(c)(2).

[18] Sections 404.1527 and 416.927 provide that they are for evaluating opinion evidence for claims filed before March 27, 2017, such as the claims in this case.

[19] *Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) (quotation omitted).

[20] *Watkins,* 350 F.3d at 1300 (quotations omitted).

[21] *Id.* at 1301 (quotations omitted).

[22] R. 29.

The Government argues "the ALJ's weighing of the opinions is sufficiently specific when reading his decision as a whole."[23]  The court disagrees.  Even when considering the opinion as a whole, the court finds the ALJ did not provide "sufficiently specific" reasons for the weight given to Dr. Kockler and Dr. Gant.  "[T]he notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, …, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."[24]  The lack of specificity behind "given weight" and what weight the ALJ intended leads this court to remand.  The court "cannot meaningfully review the ALJ's determination absent findings explaining the weight assigned" to these physicians.[25]

The problems in the ALJ's analysis of certain medical opinions also lend support to Mr. Peck's other arguments: the ALJ failed to account for all of his established impairments; and the ALJ erred at step 5 of the sequential evaluation process.  But, the court finds it unnecessary to address these arguments.  On remand these issues are likely to be addressed once a proper medical opinion evaluation takes place.

---

[23] Answer brief p. 13, docket no. 23.

[24] SSR 96-2P, 1996 WL 374188, *5 (S.S.A. July 2, 1996); *see also Watkins* 350 F.3d at 1300.

[25] *See Watkins*, 350 F.3d at 1301; *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004).

## CONCLUSION AND ORDER

Because the Commissioner did not apply the correct legal standards and her findings are not supported by substantial evidence in the record, the court must remand this case for further proceedings.

Accordingly, the Commissioner's decision is hereby remanded for further proceedings consistent with this order.

DATED this 23 January 2018.

Brooke C. Wells
United States Magistrate Judge