IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KELLY PECK,<br><br>      Plaintiff,<br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)<br><br>Case No. 2:16-cv-01290-DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

  Plaintiff's counsel moves the court for authorization of attorney fees for representation pursuant to 42 U.S.C. §406(b) in the amount of $18,292.94. (ECF No. 30.) This amount represents 25% of the past-due Social Security disability benefits awarded to Plaintiff "minus the $8,328.06 paid to his attorney at the administrative level." (ECF No. 30 p. 1.) Defendant takes no position on the motion other than deferring to the court's discretion on the reasonableness of the request. The court grants the motion as set forth below.

  Attorney fees under 42 U.S.C. §406(b) are awarded from the claimant's past-due benefits, they must be reasonable, and are capped at 25 percent of the total of the past-due benefits. 42 U.S.C. §406(b). In this case, the Social Security Administration awarded Plaintiff $106,484.00 in past-due benefits. (ECF No. 30-4 p. 3.) Counsel's request is less than 25% of the past-due benefits. Counsel has also agreed that "Plaintiff will be refunded $4,717.50, the amount previously awarded in EAJA attorney fees." (ECF No. 32 p. 2.)

  The Supreme Court has stated that § 406(b) "calls for court review of [fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases," and to guard against windfalls for lawyers. *Gisbrechtt v. Barnhart,* 535 U.S. 789, 807-08 (2002). A §

406(b) determination "must begin with the contingent fee", then other items may be considered such as a "statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" or considerations relevant to the lodestar. *Russell v. Astrue*, 509 F. App'x 695, 697, 2013 WL 363478, at *2 (10th Cir. 2013).

There is not a bright line standard for exactly what amount is a reasonable fee. There is, however, some guidance from other courts in this jurisdiction. *See Gulbransen v. Colvin*, 2015 WL 1896559, at *2 (D. Utah Apr. 27, 2015) (granting fee request resulting in an hourly rate of $862.88, an "amount [that] is on the high-end of what the Court would find to be reasonable"); *Russell v. Astrue*, 509 F. App'x 695, 696 (10th Cir. 2013) (finding that the district court did not abuse its discretion when reducing a contingency-fee award because the total requested fee would amount to $611.53 per hour); *Gordon v. Astrue*, 361 F. App'x 933, 936 (10th Cir. 2010) (finding the district court did not abuse its discretion by reducing a contingency-fee award because it would have resulted in a high hourly rate, and instead entering an hourly rate of $300); *Scherffius v. Astrue*, 296 F. App'x 616, 620 (10th Cir. 2008) (finding that the district court did not abuse its discretion when determining that the "effective $442 hourly rate would be a windfall for obtaining a voluntarily remand in a substantively easy and routine case").

Here, Plaintiff's Counsel seeks $18,292.94. This request is compliant with § 406(b)'s limit of 25% of past-due benefits. From the record, it appears Defendant withheld $30,416.00 from Plaintiff's past-due benefits to pay his representative if needed. (ECF No. 32-1 p.2.) The court finds Plaintiff's Counsel's request reasonable based upon the work in this matter, and in comparison to other cases, although it is on the high end of the hourly rate, it is reasonable.

Accordingly, Plaintiff's Counsel's motion is GRANTED.

IT IS SO ORDERED.

DATED this 17 April 2023.

_____
Dustin B. Pead
United States Magistrate Judge